UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| ZAKLADY FARMACEUTYCZNE POLPHARMA S.A., | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | ) Civil Action No. 3:21-cv-133<br>)<br>) |
| KARTHA PHARMACEUTICALS, INC., | )<br>) |
| Defendant. | ) |

## COMPLAINT

Plaintiff Zaklady Farmaceutyczne Polpharma S.A. ("Polpharma") brings this action against Defendant Kartha Pharmaceuticals, Inc. ("Kartha"), and alleges as follows:

## NATURE OF THE ACTION

1. This action arises from Kartha's violation of the conflict-of-interest and confidentiality provisions of its consulting contract with Polpharma. The parties have agreed to binding arbitration, and Polpharma files this lawsuit to seek an injunction in aid of such anticipated arbitration.

## PARTIES

2. Polpharma is a corporation organized under the laws of the State of Poland with its principal place of business in Starogard Gdański, Poland.

3. Kartha is a corporation organized under the laws of the State of North Carolina, with its principal place of business in Charlotte, North Carolina.

## JURISDICTION AND VENUE

4. This Court has subject-matter jurisdiction over this controversy under 28 U.S.C. § 1332(a)(2) because it is between a citizen of the State of North Carolina and a citizen of Poland. The matter in controversy exceeds the sum or amount of $75,000.00.

5. Kartha maintains its principal place of business in North Carolina and conducts business within this District. This Court therefore has personal jurisdiction over Kartha.

6. Venue is proper in this District under 28 U.S.C. § 1391(b)(1) because Kartha resides in this District for purposes of 28 U.S.C. § 1391(c)(2) and because a substantial part of the events or omissions giving rise to this claim occurred in this District.

## FACTS

7. Polpharma is the largest Polish manufacturer of pharmaceuticals and a leader in the Polish pharmaceutical market. Part of Polpharma's business is the production of active pharmaceutical ingredients in various drugs, which it then sells to other pharmaceutical companies.

8. Kartha provides consulting services, including portfolio selection and development, business development, sales, negotiations, and sourcing and project management, in the North American, Central American, South American, and Indian pharmaceutical markets.

9. In 2013, Polpharma retained Kartha as a business development and sales consultant to assist in marketing for generic pharmaceuticals. The parties entered into a Consulting Services Agreement (the "Agreement") under which Kartha would, among other things, represent Polpharma to current and new customers, identify new customers, provide annual sales plans, and suggest new active pharmaceutical ingredient development candidates.

The Agreement remained in effect until Polpharma terminated the contract for cause by letter dated March 19, 2021.

10. As a part of that Agreement, Kartha agreed that it would maintain all confidential information received from Polpharma and its customers in confidence and not disclose that confidential information to any person other than the employees, affiliates, and representatives of Polpharma. Kartha further agreed that any confidential information would be used solely in connection with the services provided under the Agreement and for no other purpose.

11. Under the terms of the Agreement, confidential information included all confidential and proprietary information, substances obtained during the course of performance of the contract, including, among other things, information regarding the disclosing party's or its affiliate's intellectual property, patents, patent applications, technical developments, inventions, trade secrets, and any other technical or business information disclosed during the course of performance.

12. The Agreement also contained a provision that prohibited Kartha from engaging in conflicts of interest or otherwise representing products for any third parties that contained the same active pharmaceutical ingredient and were identical to the products for which Kartha represented Polpharma.

13. The Agreement contained an arbitration clause that requires that the parties arbitrate disputes arising from the Agreement.

14. During the course of the Agreement, Kartha had access to confidential proprietary information of both Polpharma and Polpharma's clients related to the active pharmaceutical ingredients of certain drugs.

15. Upon information and belief, Kartha engaged in a conflict of interest by using confidential information obtained under the Agreement for purposes unrelated to services provided under the Agreement. Kartha's conduct constituted a material breach of the Agreement.

16. Kartha's breach of the Agreement has caused Polpharma to suffer injury to its reputation and goodwill, and Kartha's course of conduct threatens Polpharma with further injury to reputation and goodwill. Kartha's breach has caused Polpharma harm, and absent an injunction that bars further breaches by Kartha, such harm would be irreparable.

17. Polpharma plans to initiate arbitration and seeks through this lawsuit injunctive relief to prevent any further, irreparable harm from occurring during the pendency of arbitration proceedings.

## COUNT ONE: BREACH OF CONTRACT

18. Polpharma repeats and re-alleges each of the foregoing allegations as though fully set forth herein.

19. The parties, for valuable consideration, entered into the Agreement, which is a valid and enforceable contract, on September 2, 2013 (with subsequent amendments) for the performance of services by Kartha in return for money payments by Polpharma.

20. Polpharma has fully performed its obligations under the Agreement.

21. The Agreement prohibited Kartha from, among other things, engaging in conflicts of interest, disclosing any confidential information obtained under the Agreement to a third party, and using such confidential information for any purpose not connected with the services to be provided under the Agreement.

22. Kartha has materially breached the Agreement.

23. Kartha's breach of contract has damaged Polpharma in an amount exceeding the jurisdictional threshold of $75,000.

24. Kartha's disregard for its contractual obligations threatens Polpharma with irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff requests the following relief:

a. Judgment in favor of Plaintiff against Defendant;

b. A preliminary injunction in aid of arbitration under Fed. R. Civ. P. 65, restraining and enjoining Defendant and its officers, agents, employees, and any other persons acting on Defendant's behalf or in concert or participation with Defendant, from directly or indirectly disclosing to a third party, using confidential information provided to Defendant under the Agreement, or otherwise profiting from its activities that constitute a conflict of interest;

c. Plaintiffs' reasonable costs and expenses incurred in bringing and prosecuting this action; and,

d. Such other and further relief as the Court deems just and appropriate.

Dated: March 31, 2021

WINSTON & STRAWN LLP

/s/ Stacie C. Knight
Stacie C. Knight
N.C. Bar No. 28482
300 South Tryon Street, 16th Floor
Charlotte, NC 28202
(704) 350-7712
sknight@winston.com

Charles B. Klein*
Spencer W. Churchill*
D. Chanslor Gallenstein*
1901 L St. NW
Washington DC 20036
(202) 282-5000
cklein@winston.com
schurchill@winston.com
cgallenstein@winston.com

*Pro hac vice applications forthcoming

Attorneys for Plaintiff Zaklady
Farmaceutyczne Polpharma S.A.