UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:21-cv-133-MOC-DCK

| ZAKLADY FARMACEUTYCZNE | ) |
| POLPHARMA S.A., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| | ) ORDER |
| | ) |
| KARTHA PHARMACEUTICALS, | ) |
| INC., | ) |
| | ) |
| | ) |
| Defendant. | ) |

**THIS MATTER** comes before the Court on Defendant motion for attorneys' fees and costs. (Doc. No. 31). Plaintiff opposes Defendant's motion. (Doc. No. 36).

I.     BACKGROUND

In early March 2021, Defendant Kartha Pharmaceuticals, Inc. ("Kartha") received FDA approval to manufacture baclofen products. Less than a month later, former Plaintiff Rubicon Research Private Limited ("Rubicon")—the first applicant approved by the FDA to sell baclofen in 5mg strength—sued Kartha. Rubicon sued under the federal Defend Trade Secrets Act of 2016, North Carolina Trade Secrets Protection Act, North Carolina Unfair and Deceptive Trade Practices Act; and stated common law unfair competition, breach of fiduciary duty, and unjust enrichment claims. (Doc. No. 1 in Case No. 3:21-cv-129).

The day after Rubicon sued, Zaklady Farmaceutyczne Polpharma, S.A. ("Polpharma") brought its own suit seeking to enjoin Kartha from selling Baclofen pending arbitration. (Doc. No. 1 in Case No. 3:21-cv-133). Plaintiff Polpharma alleged that Kartha, Rubicon, and itself

1

were parties to a consulting services agreement, and that Kartha had stolen Rubicon's baclofen-related trade secrets in breach of that agreement. This Court consolidated Polpharma's and Rubicon's claims against Kartha into a single case. Rubicon later sought, and was granted, leave to dismiss its claim without prejudice. The action between Polpharma and Kartha continued.

Kartha brought a counterclaim against Polpharma in April 2021. But the consulting services agreement, to which Kartha and Polpharma were parties, contained a binding arbitration clause. Polpharma moved to compel Kartha to arbitrate the counterclaim. The Court granted that motion over Kartha's opposition, but retained jurisdiction over Polpharma's request for preliminary injunction.

The consulting services agreement provided that disputes arising from the agreement would be resolved by the Swiss Chambers' Arbitration Institution (SCAI) according to the Swiss Rules of International Arbitrations and Swiss (Zurich) lex arbitri. The SCAI held a hearing in August 2022, and issued a 90-page Final Award in December of that year. The Award denied Polpharma's request for permanent injunction and Kartha's counterclaim for breach of contract, and awarded costs and fees. In July 2023, this Court confirmed the Final Award and dismissed the action with prejudice.

## II.      APPLICABLE LAW

In this country, the default rule is that each party pays its own attorneys' fees. This rule—the American Rule—"is deeply rooted in our history and in congressional policy." Alyeska Pipeline Serv. Co. v. Wilderness Soc'y, 421 U.S. 240, 271 (1975). Defendant's motion for attorneys' fees requests that this Court apply one of two exceptions to the American Rule. Both exceptions are available only as sanctions. Though styled as a motion for costs, Defendant in fact requests the Court to order sanctions against Plaintiff's counsel.

Plaintiff requests fees and costs under 28 U.S.C. § 1927 and the court's inherent power to sanction "conduct which abuses the judicial process." Harvey v. CNN, 48 F.4th 257, 276 (4th Cir. 2022). These exceptions to the American rule both require a predicate finding of bad faith. Brubaker v. City of Richmond, 943 F.2d 1363, 1382 n.25 (4th Cir. 1991). The Fourth Circuit has not decided whether bad faith is assessed under an objective or subjective standard. Viper Publ'g, LLC v. Bailey, No. 3:17-CV-00314-GCM, 2021 WL 5760862, at *1 (W.D.N.C. Dec. 3, 2021). According to the objective standard, bad faith encompasses "extremely negligent" or "recklessly indifferent" conduct. See Collins v. Dollar Tree Stores, Inc., Civil Action No. 2:09cv486, 2010 WL 9499078, at *4 (E.D. Va. May 28, 2010) (citing Kotsilieris v. Chalmers, 966 F.2d 1181 (7th Cir. 1992)). Under the "more stringent" subjective standard, bad faith requires counsel's actual notice that a claim is meritless. Salvin v. Am. Nat'l Ins. Co., 281 F. App'x 222, 225 (4th Cir. 2008). The Court will apply the objective standard here.

According to 28 U.S.C. § 1927, the court may (not must) require an attorney "who so multiplies the proceedings in any case unreasonably and vexatiously" to "satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." For a court to award Section 1927 sanctions, it must find "(1) a multiplication of proceedings by an attorney; (2) conduct that can be characterized as unreasonable and vexatious; and (3) a resulting increase in the cost of the proceedings." The Chosin Few, Inc. v. Scott, 209 F. Supp. 2d 593, 602 (W.D.N.C. 2002) (quoting Harris v. Marsh, 679 F. Supp. 1204, 1381 (E.D.N.C. 1987), vacated in part on other grounds 123 F.R.D. 204 (E.D.N.C. 1988), aff'd in part, rev'd in part, Blue v. U.S. Dept. of the Army, 914 F. 2d 525 (4th Cir. 1990)). Section 1927 sanctions are "concerned only with limiting the abuse of court processes." Roadway Exp., Inc. v. Piper, 447 U.S. 752, 762 (1980).

3

Defendant further argues that the Court should rely on its inherent power and authority to sanction Plaintiff's counsel for acting in bad faith. Six v. Generations Federal Credit Union, 891 F.3d 508, 519 (4th Cir. 2018) (quoting Goodyear Tire & Rubber Co. v. Haeger, 137 SCt. 1178, 1186 (2017)). Inherent power sanctions are intended to redress "conduct which abuses the judicial process" including by "instructing a party that has acted in bad faith to reimburse legal fees and costs incurred by the other side." Harvey v. CNN, 48 F.4th at 276.

III.     DISCUSSION

First, Defendant argues that Polpharma multiplied the proceedings by requesting injunctive relief in this Court before filing its Notice of Arbitration with the SCAI. Defendant maintains that Polpharma strategically staggered its filings to take advantage of American discovery practice and fee arrangements. If Polpharma had filed for injunctive relief in Swiss arbitration, Defendant Kartha argues, Kartha would have avoided the high cost of litigation in the United States and been entitled to recover its attorneys' fees. Defendant—with no evidence—claims that Polpharma's litigation strategy amounts to a "pay to delay" scheme. But Plaintiff's decision to pursue injunctive relief in this Court does not support a finding of bad faith. In fact, this Court has already found that the arbitration clause of the consulting services agreement between Kartha and Polpharma—as it incorporates the Swiss Rules—explicitly permitted Polpharma to pursue injunctive relief in this Court. (Doc. No. 79 at 3–4 in Case No. 3:21-cv-133). Exercising a contractual right to seek interim relief is not bad faith.

Even if the Court found that the timing of Plaintiff's decision to arbitrate suggested bad faith, Defendant's motion for sanctions is misguided. Defendant requests sanctions against Polpharma's litigation counsel, not Polpharma's arbitration counsel. Specifically, Defendant maintains that it would not have opposed Polpharma's motion to compel arbitration if

Polpharma's arbitration counsel had timely filed their notice of arbitration. (Doc. No. 32 at 6). But Defendant fails to link service of the notice to Polpharma's <u>litigation</u> counsel, the subject of Defendant's request for sanctions. This causal defect is dispositive. (Doc. No. 36 at 19).

Next, Defendant asserts that Polpharma's request for injunction was unreasonable and vexatious because Plaintiff lacked "any evidence that it had lost a single customer or that it had lost a single dollar in sales as a result of Kartha's alleged conduct." Even if true, Defendant's contention does not render Polpharma's request for injunction vexatious. A preliminary injunction's purpose is to maintain the status quo pending litigation. To prevail on its request for injunction Plaintiff need not have any evidence that it had <u>already</u> lost customers or sales, only that Defendant's conduct <u>threatened</u> Plaintiff with such losses. Further, Defendant cannot show that Plaintiff's request for injunctive relief was meritless, nevermind that Polpharma's attorneys were "recklessly indifferent" or "negligent" with respect to the merits. <u>See</u> <u>Viper Publg</u>, 2021 WL 5760862, at *1. Defendant thus fails to prove that Plaintiff acted in objective bad faith.

And even if Defendant Kartha could prove bad faith, it would not be entitled to sanctions under Section 1927. Kartha transparently asserts that "the mere filing of the lawsuit in the United States was the first act Polpharma and its counsel committed that unnecessarily multiplied the litigation." (Doc. No. 32 at 13). But Fourth Circuit precedent clearly dispenses with this claim: "the filing of a single complaint" does not "multiply" proceedings. <u>DeBauche v. Trani</u>, 191 F.3d 499, 511–12 (4th Cir. 1999).

In the alternative, Defendant contends that Plaintiff's <u>maintenance</u> of its request for injunctive relief despite ongoing arbitration unnecessarily multiplied this litigation.[1] Defendant

---

[1] Kartha argues Polpharma's complaint was vexatious and unnecessarily multiplied the litigation in part because (1) Polpharam knew it had no damages, (2) Polpharma knew that Kartha's

cites non-binding Second Circuit case law for that proposition. (Doc. No. 32 at 12) (quoting Nemeroff v. Abelson, 704 F.2d 652, 654 (2d Cir. 1983)). But even Plaintiff's case clearly requires a finding of bad faith. Id. The Court reiterates its conclusion that Polpharma did not forfeit its right to pursue injunctive relief against Kartha by signing an arbitration agreement. (Doc. No. 79 at 3–4 in Case No. 3:21-cv-133). Exercising a contractual right to seek interim relief—and then maintaining one's request for such relief—does not prove bad faith.

Section 1927 and inherent power sanctions are within the Court's discretionary power. The Court may—but is not required to—award sanctions where the relevant criteria are met. Considering the overarching purpose of both types of sanctions at issue here—abuse of judicial process—the Court finds that even if the criteria for sanctions were met, an award would be inappropriate. Fundamentally, Defendant is upset that Plaintiff exercised their contractual right to seek interim relief in this Court while pursuing arbitration abroad. But Defendant signed the contract that explicitly empowered Plaintiff to pursue relief in courts of law and arbitration. Defendant's complaint, that Plaintiff should not have used the power vested in it by contract, would deny Plaintiff the benefit of its bargain. The Court finds that Plaintiff has not abused the judicial process. Defendant's motion will be denied.

## ORDER

**IT IS, THEREFORE, ORDERED** that Defendant's motion for attorneys' fees and costs (Doc. No. 31) is **DENIED**.

Max O. Cogburn Jr
United States District Judge

---

financial situation was precarious, and (3) Rubicon would soon pull out of the case for lack of evidence to support its claims. (Doc. No. 32 at 12).